[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2011
JOHN LEY
CLERK

No. 10-14655
Non-Argument Calendar
_____

D. C. Docket No. 7:07-cv-08006-CLS-PWG


JOSEPH R. DICKEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 15, 2011)


Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Joseph R. Dickey, through counsel, appeals the district court's denial of his 28 U.S.C. § 2255 motion attacking his 135 year sentence for child pornography convictions. Dickey now claims he "did not receive constitutionally adequate counsel prior to entering his guilty plea."[1] After review, we affirm the district court's denial of Dickey's § 2255 motion.[2]

To establish an ineffective assistance of counsel claim, a petitioner must show (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). We "need not address the performance prong if the defendant cannot meet the prejudice prong." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). To show prejudice in the context of a guilty plea, a petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not

---

[1] Dickey received an evidentiary hearing on this claim before the magistrate judge. In his brief on appeal, Dickey contends the magistrate judge erred by not allowing expert testimony as to whether counsel's performance was constitutionally deficient and prejudicial. *See Freund v. Butterworth*, 165 F.3d 839, 863 n.34 (11th Cir. 1999) ("Permitting 'expert' testimony to establish ineffective assistance is inconsistent with our recognition that the issue involved is a mixed question of law and fact that the court decides.").

[2] In a § 2255 proceeding, we review legal issues *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review an ineffective assistance of counsel claim *de novo*. *United States v. Gordon*, 518 F.3d 1291, 1296 (11th Cir. 2008).

have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 106 S. Ct. 366, 370 (1985).

Dickey's primary contention is that his counsel erroneously advised him that his guidelines sentencing range could be anywhere from 10 to 135 years, when in fact his guidelines range was life. Even assuming counsel's performance was deficient, Dickey cannot show prejudice. At Dickey's plea hearing, the district court advised him of the minimum and maximum penalty for each count, and explained that the sentences could run consecutively. Dickey stated that he understood and was thus fully apprised of his potential sentence. Moreover, the evidence against Dickey was both overwhelming and inflammatory, such that there was no realistic chance of acquittal at a trial. Dickey has failed to establish that but for any errors by counsel, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 106 S. Ct. at 370.

**AFFIRMED.**